UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwaine J. Chapman Sr.,                    Case No. 1:19-cv-1757

         Petitioner

v.                                            ORDER OF DISMISSAL

Richland County Courthouse,

         Respondent

*Pro se* Petitioner Dwaine Chapman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1 ("Petition")) in connection with what he identifies as Criminal Case Number 19-007023 in the Mansfield Municipal Court. Petitioner alleges that he was sentenced on July 8, 2019, and that he is confined in the Richland County Jail. It appears from the face of the Petition, however, that Petitioner has not exhausted his state court remedies with respect to this state court criminal proceeding. Petitioner filed a Motion to proceed with this action *in forma pauperis* (Doc. 4), and I grant the Motion.

A federal court shall entertain a § 2254 habeas petition filed by person in custody pursuant to a state court judgment only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). An application for a writ of habeas corpus pursuant to § 2254 shall not be granted unless it appears that Petitioner has exhausted "the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b). "State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509 (1982)). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.*

(citing among authority *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 302-03 (1984)); *see also* 28 U.S.C. § 2254(c). It is Petitioner's burden to establish that he has fully exhausted his available state court remedies with respect to the grounds for relief asserted in the habeas petition. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citing *Hopkins v. State,* 524 F.2d 473, 474-75 (5th Cir. 1975)).

The face of the Petition does not establish that Petitioner has exhausted his state court remedies. Accordingly, I must dismiss the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases for failure to exhaust without prejudice and leave to refile with a showing that Petitioner has exhausted his state court remedies.

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                                                s/ Jeffrey J. Helmick
                                                                United States District Judge